RAÚL MELÉNDEZ GUTIÉRREZ y su esposa JUANA MELÉNDEZ, por sí y en representación de sus hijos JOHANNA y RAÚL MELÉNDEZ MELÉNDEZ, demandantes y recurrentes, *v.* EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* R-82-530        *Resuelto:* 7 de febrero de 1983

*Sabino Cotto Cruz*, abogado de los recurrentes; *Miguel Pagán, Procurador General Interino*, y *Gerardo Mariani Padilla, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

A finales del mes de abril de 1981, el codemandante-recurrente Raúl Meléndez Gutiérrez fue sometido a una intervención quirúrgica en el Hospital Regional de Arecibo, que fue realizada por personal del Estado Libre Asociado de Puerto Rico. Al pasar de varias semanas, como no mostrara mejoría el paciente, fue nuevamente operado el 26 de junio de 1981, *esta vez en el Centro Médico de Río Piedras, Puerto Rico*, y en esa operación se encontró y se extrajo un "cuerpo u objeto extraño" que alegadamente le había sido dejado dentro del abdomen en el transcurso de la primera intervención quirúrgica. Por orden médica el paciente guardó cama, primero en el referido hospital y luego en su hogar, hasta el 22 de enero de 1982. Mediante carta certificada con acuse de recibo de fecha 3 de febrero de 1982, el citado Raúl Meléndez, su esposa Juana Meléndez y sus hijos menores de edad Johanna y Raúl, informaron al señor Secretario de Justicia de Puerto Rico que se proponían incoar "una demanda de daños y perjuicios en contra del Estado Libre Asociado de Puerto Rico . . .". Presentaron dicha demanda el 17 de febrero de 1982 ante el honorable Tribunal Superior de Puerto Rico, Sala de Arecibo.

La demanda no estaba jurada, según lo dispone el Art. 41.100 de la Ley Núm. 74 de 30 de mayo de 1976 (26 L.P.R.A. sec. 4110),[1] y en la misma no se incluyó como

---

[1]La parte demandante en varias ocasiones solicitó del tribunal de instancia que se le permitiera juramentar la demanda.

parte demandada a la Administración del Fondo de Compensación al Paciente, según lo requiere el Art. 41.070 de la referida ley, 26 L.P.R.A. sec. 4107, razones por las cuales el demandado Estado Libre Asociado presentó una moción de desestimación. Posteriormente, el E.L.A. presentó una moción de sentencia sumaria, predicada la misma en que los demandantes no habían notificado al Secretario de Justicia dentro del término de noventa días que prescribe la Sec. 3077a del Título 32 de L.P.R.A.

El tribunal de instancia, con fecha del 10 de septiembre de 1982 —previa celebración de vista— dictó sentencia mediante la cual desestimó "la demanda del co-demandante Raúl Meléndez Gutiérrez *por no estar jurada*; y desestim[ó] la demanda de su esposa Juana Meléndez y de sus hijos Johanna y Raúl Meléndez por *dos fundamentos*: por no estar jurada la demanda y porque no notificaron al Secretario de Justicia dentro de los 90 días de haber conocido el daño".[2]

Acudió la parte demandante ante este Tribunal, imputándole error al así actuar al tribunal de instancia. Emitimos orden para mostrar causa con fecha del 24 de noviembre de 1982. Ha comparecido la parte recurrida. Estando en condiciones de resolver, procedemos a así hacerlo.

I

*Requisito de la notificación*

■ En *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357, 359–360 (1977), expresamos que: "Nuestra jurisprudencia ha sido constante en sostener que la notificación previa al Estado en reclamaciones por daños y perjuicios originados en negligencia exigida por Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a), si bien es requisito de cumplimiento estricto, no alcanza calidad de condición precedente jurisdiccional. [Citas omitidas.] *Esta clasificación li-*

---

[2] El tribunal de instancia no hizo expresión alguna respecto a la alegación, por parte del E.L.A., de falta de parte indispensable.

*bera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias."* (Énfasis suplido.)

No son pocos los recursos, en meses recientes, que han llegado a nosotros, en que notamos que los tribunales de instancia precisamente están actuando con ese "automatismo" contra el cual advertimos en *Loperena Irizarry,* supra, pág. 360.

En *Rivera de Vincenti* v. *E.L.A.,* 108 D.P.R. 64, 69 (1978), expresamos que: "La referida notificación en el plazo relativamente corto de 90 días tiene el propósito de poner sobre aviso al gobierno de que ha surgido una probable causa de acción por daños en su contra[,] de modo que pueda activar sus recursos de investigación prontamente, *antes de que desaparezcan los testigos y las pruebas objetivas* en orden a la preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma, cuando proceda." (Énfasis suplido.)

Cabe preguntarse si en el presente caso, dados los hechos particulares del mismo, existe el peligro de que desaparezca la prueba objetiva evidenciaria de la alegada negligencia de los empleados del gobierno que participaron en la intervención quirúrgica a que fue sometido el codemandante Raúl Meléndez. Los resultados de la segunda intervención —donde alegadamente se encontró y se extrajo del referido codemandante el objeto extraño— están plasmados, *paso a paso*, en los records del Centro Médico de Puerto Rico, el cual, como sabemos, es una institución bajo el control del Estado Libre Asociado de Puerto Rico. No creemos, por tanto, que exista el riesgo mencionado.

El tribunal de instancia acogió, *en cuanto al codemandante Raúl Meléndez*, el planteamiento de justa causa para no haber cumplido con el requisito de la notificación, por cuanto estimó que éste, por órdenes médicas, había tenido que permanecer recluido en su hogar hasta el 22 de enero

de 1982 y que, por tanto, la notificación que hiciera mediante la carta de fecha 3 de febrero de 1982 estaba en tiempo. No así en cuanto a la esposa y los hijos de Meléndez Gutiérrez.

■ Dicha determinación no debe prevalecer. Resolvemos que en casos como en el presente —donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el Estado, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda que se radique— no es de aplicación inexorable la citada Sec. 3077a por cuanto el objetivo que se persigue mediante la aplicación de la referida disposición legal no tiene razón de ser.

## II

*Requisito del juramento*

■ La demanda no estaba jurada como exige el citado Art. 41.100 de la Ley Núm. 74.[3] Dicho requisito está vigente; la ausencia de dicho juramento, sin embargo, no debe constituir barrera infranqueable para que un tribunal haga justicia en los méritos en esta clase de casos. Resolvemos que la omisión de jurar la demanda es un defecto que puede ser subsanado mediante solicitud al efecto de la parte demandante.[4]

## III

*La Administración como parte indispensable*

■ El tribunal de instancia no hizo pronunciamiento alguno en su sentencia respecto a la omisión de la parte

---

[3] Estaba, naturalmente, suscrita por el abogado. Véanse, a esos efectos, el voto disidente del Hon. Juez Irizarry Yunqué en *Piñero* v. *Martínez Santiago*, 104 D.P.R. 587, 593 (1976), y *Junta Insular de Elecciones* v. *Corte*, 63 D.P.R. 819 (1944).

[4] Véase opinión disidente del Hon. Ángel M. Martín en *Candal* v. *CT Radiology Office, Inc.*, 112 D.P.R. 227, 233 (1982).

demandante de traer al pleito, como parte demandada, a la Administración del Fondo de Compensación al Paciente; ello posiblemente debido a que, de acuerdo con las disposiciones de la Regla 16.1 y de la Regla 18 de las de Procedimiento Civil de 1979, la omisión de una parte indispensable, aunque es motivo para desestimar un pleito, no constituye impedimento para que, a solicitud de la parte interesada, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma.

Por las razones antes expresadas, *se expide el auto. Se dictará sentencia mediante la que se revoque la dictada por el honorable Tribunal Superior de Puerto Rico, Sala de Arecibo, de fecha 10 de septiembre de 1982, en el caso civil núm. 82-656, y se devuelve el mismo a dicho tribunal para procedimientos ulteriores compatibles con lo aquí expresado.*

Los Jueces Asociados Señores Torres Rigual y Díaz Cruz concurren en el resultado sin opinión.

El Juez Asociado Señor Negrón García disiente respecto a la revocación de la desestimación decretada por el tribunal de instancia en cuanto a los codemandantes Sra. Juana Meléndez e hijos, ya que no demostraron la existencia de "justa causa" por no haber cumplido con el requisito de notificación. Véase: *Rodríguez Sosa* v. *Cervecería India,* 106 D.P.R. 479, 483–484 (1977). Concurre en el resultado que mantiene vigente la causa de acción del codemandante Raúl Meléndez Gutiérrez, aun cuando la demanda original no estuviera jurada, conforme su voto integrado al disenso certificado en *Candal* v. *CT Radiology Office, Inc.,* 112 D.P.R. 227 (1982).