# 95 DTA 138

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

SEARS ROEBUCK DE P.R., INC.
Apelante

v.

ADA TERESA MOYA VAZQUEZ, JOSE ANTONIO MOYA VAZQUEZ,
POR SI Y COMO MIEMBROS DE LA SUCESION DE ANTONIO MOYA VELEZ
Apelados

Núm. KLAN-95-00320

San Juan, Puerto Rico, a 19 de mayo de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jimenez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante Sears Roebuck de Puerto Rico, Inc. interesa la revocación de una sentencia emitida el 19 de octubre de 1994 por el Tribunal de Distrito, Sala de San Juan. Mediante ésta se dispuso el archivo sin perjuicio de la acción en cobro de dinero por ella instada contra los apelados, ello luego de su reiterado incumplimiento de las órdenes del tribunal. Por los fundamentos que pasamos a exponer resolvemos que resulta procedente confirmar la sentencia apelada.

### I

De los documentos que obran en autos se desprende que a solicitud del Sr. Antonio Moya Vélez, padre de los apelados, la apelante le confirió crédito, extendiéndole una tarjeta a tales efectos. Así y bajo los términos del contrato de ventas al por menor a plazos acordado, adquirió mercancías y servicios y realizó pagos hasta el 23 de enero de 1995, fecha de su fallecimiento. Luego de su deceso el Tribunal Superior, Sala de San Juan, emitió Resolución en el caso Civil Núm. KJV-89-1047 (905), declarando como sus únicos y universales herederos a los aquí apelados

Con este trasfondo y habiéndose incumplido los términos de pago de la cuenta de dicho causante, cuenta núm. 95-5196658374-5, la apelante interpuso demanda en cobro de dinero contra los aquí apelados. En ésta expuso, entre otros extremos, que advino en conocimiento del fallecimiento del Sr. Moya Vélez como resultado de las gestiones de cobro por ella realizadas; que con posterioridad al fallecimiento del Sr. Moya se continuó utilizando dicha tarjeta de crédito para la adquisición de mercancías; y que existía un balance deudor en dicha cuenta. Reclamó así la suma de $7,433.14 alegadamente adeudada, intereses legales, las costas del proceso, más una suma adicional por concepto de honorarios.

Debidamente emplazados como fueron los apelados, procedieron a radicar sus alegaciones responsivas, instando el co-demandado José A. Moya Vázquez demanda de coparte contra su hermana, la también demandada Ada Teresa Moya Vázquez. En este estado los procedimientos y luego de una serie de incidentes procesales que resulta innecesario reseñar, se señaló el caso para conferencia con antelación a juicio, la que se convirtió a solicitud de las partes a una de naturaleza informal en cámara. En ocasión de dicha vista y como resultado de la reunión sostenida, el tribunal le concedió a la apelante un término de treinta (30) días para entregar a los demandados copia de los records de la cuenta del causante reflejando los cargos anteriores a su fallecimiento Posteriormente y mediante orden de 6 de abril de 1994 el tribunal señaló nuevamente la vista de conferencia con antelación a juicio, en esta ocasión para el 23 de junio de 1994.

El día asignado para la vista antes indicada, a la que comparecieron las partes representadas por sus respectivos abogados, el tribunal se vio en la necesidad de convertir

nuevamente el señalamiento a uno para discutir el estado de los procedimientos, ello ante el incumplimiento por parte de la apelante con lo previamente ordenado.▇ En esta ocasión concedió a la apelante un término de cuarenta (40) días para *"habilitarle a los demandados copia de las microfichas que revelan todo el movimiento de la cuenta en controversia",'* orden que tampoco fue cumplida por la apelante. El 14 de septiembre de 1994, esto es, transcurridos ochenta y dos (82) días desde la notificación de la orden antes mencionada sin que la aquí apelante hubiere efectuado trámite alguno, el tribunal de instancia emitió nueva orden, ésta bajo apercibimiento de archivo, requiriendo la activación del trámite procesal dentro de un término de diez (10) días a partir de su notificación Esta orden tampoco fue atendida, por lo que el tribunal, transcurridos treinta y cinco (35) días desde su notificación, procedió a emitir la sentencia ahora apelada disponiendo el archivo sin perjuicio de la demanda. Al así dictaminar dejó de imponer a la apelante costas y honorarios de abogado, sin que mediara oposición o reparo de los aquí apelados.▇ Inconforme la apelante con la sentencia emitida presentó en tiempo oportuno el escrito de apelación que nos ocupa, imputando como fundamento de revocación que erró el tribunal de instancia al no resolver el caso conforme a derecho y al decretar el archivo del mismo.

Por los fundamentos que pasamos a exponer resolvemos que no abusó de su discreción el tribunal al disponer el archivo sin perjuicio de la demanda, a lo que no medió oposición de los apelados, y que ninguna razón o fundamento meritorio se aduce para justificar nuestra intervención con el dictamen recurrido.

## II
La Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 39.2, dispone en lo que resulta pertinente, como sigue:

*"(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.*

*(b) [...].*

*(c) [...]. **A menos que el tribunal en su orden de desestimación lo disponga de otro modo**, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos."* (Enfasis nuestro).

De una simple lectura de la disposición antes transcrita surge diáfanamente la autoridad que poseen los tribunales para decretar la desestimación del pleito o de cualquier reclamación contra los demandados en aquellos casos en que el demandante dejare de cumplir con las Reglas de Procedimiento Civil o con cualquier orden emitida por el tribunal. Ahora bien, la desestimación, por considerarse la más fatal de las medidas que puede decretar un tribunal, en tanto y en cuanto constituye cosa juzgada, *Banco de la Vivienda v. Carlo Ortiz,* ___ D.P.R. ___ (1992), **92 J.T.S. 76,** a la pág. 9588, no es ni ha sido la más favorecida como primera alternativa y suele reservarse para casos extremos en los cuales no haya duda de la irresponsabilidad y contumacia de la parte contra quien se imponen las medidas drásticas. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* Vol. II, **Publicaciones J.T.S.**, págs. 204-205. En consonancia con esta norma, nuestro Tribunal Supremo ha expresado tradicionalmente que la negativa a ver un caso en los méritos debe ser el último recurso a utilizarse, cuando quede probado que otras sanciones resultan ineficaces y es patente el desinterés y abandono de la parte en su caso. *Amaro González v. First Federal,* ___ D.P.R. ___ (1993), **93 J.T.S. 46,** a la pág. 10545; *Mercado del Valle v. Panthers Military Society,* ___ D.P.R. ___ (1990), **90 J.T.S. 2,** a la pág. 7312; *Echevarría Jiménez v. Sucn. de Pérez Meri,* 123 D.P.R. 664, 673 (1989); *Maldonado v. Secretario de Recursos Naturales,*

113 D.P.R. 494, 498 (1982); *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817, 822 (1980); *Arce v Club Gallístico,* 105 D.P.R. 305, 308 (1976); *Acevedo v. Compañía Telefónica de P.R.,* 102 D.P.R. 787, 791 (1974). Así se ha resuelto que para decretar la desestimación de una causa de acción, el tribunal debe constatar que el litigante muestre un *"patrón de desidia, desinterés y falta de diligencia",* Dávila v. Hospital San Miguel, 117 D.P.R. 807, 818 (1986), ejerciendo juiciosa y apropiadamente la discreción que le confieren las Reglas de Procedimiento Civil, *Maldonado v. Secretario de Recursos Naturales, supra,* para dar así virtualidad a la política judicial prevaleciente de resolver los litigios en sus méritos y no privar a una parte de la oportunidad de tener su día en corte. *PFZ Properties v. General Accident Insurance Co.,* \_\_\_ D.P.R. \_\_\_ (1994), **94 J.T.S. 116,** nota 20, a la pág 127; *Rivera Santana v. Superior Packaging,* 133 D.P.R. \_\_\_ (1992), **92 J.T.S. 165,** a la pág. 10163.

En el caso que nos ocupa el tribunal de instancia, armonizando los principios antes expuestos con su obligación de vindicar la autoridad del tribunal y la majestuosidad de sus órdenes, las que no pueden ser ignoradas por las partes, impuso como sanción el archivo sin perjuicio de la demanda instada por la apelante. De esta forma, en el ejercicio de su discreción y sin privar a la apelante de su día en corte, toda vez que tratándose de un archivo sin perjuicio ningún impedimento existe para que se entable nuevamente la acción, le impone los rigores procesales y gastos incidentales a la presentación de una nueva demanda. Tal sanción, la que contó con la anuencia tácita de los demandados, constituyó a nuestro juicio la sanción menos severa que podía imponer el tribunal ante los incumplimientos a sus órdenes por parte de la aquí apelante.

Tampoco debe existir duda alguna en cuanto a la facultad del tribunal para, en casos apropiados, desestimar un pleito sin perjuicio. Así expresamente lo faculta la regla 39.2 al disponer en lo pertinente que *"[a] menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto lo que se hubiese dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos".* Obviamente dicha disposición confiere plena autoridad al tribunal para así actuar.

Resolvemos en consecuencia que habiendo actuado el tribunal dentro del ámbito de su discreción al emitir la sentencia apelada, y en ausencia de alegación meritoria de pasión, prejuicio, parcialidad o error manifiesto, ninguna razón existe para intervenir o modificar el dictamen recurrido.

### III
Por los fundamentos antes expuestos, se dicta sentencia confirmatoria de la apelada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 138

1. Véase Resolución de 10 de agosto de 1989, pág. 62 de los autos originales.

2. Véase Orden de 1ro. de febrero de 1994, pág. 80 de los autos originales.

3. Véase Orden de 23 de junio de 1994, pág. 84 de los autos originales.

4. Véase sentencia de fecha 19 de octubre de 1994, pag 87 de los autos originales.