ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANA OQUENDO FERNÁNDEZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *ET AL.*<br><br>Apelados | KLAN202400685 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Civil Núm.: SJ2024CV02129<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparece nuevamente la parte apelante, Sra. Ana Oquendo Fernández (en adelante, señora Oquendo Fernández), y nos solicita la revocación de la *Sentencia Parcial* emitida el 16 de mayo de 2024 y notificada el 9 de julio de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI).[1] En el aludido dictamen, el TPI desestimó la *Demanda* sobre daños y perjuicios presentada por la compareciente en contra de la parte apelada, el Estado Libre Asociado de Puerto Rico (en adelante, ELA).

Por los fundamentos que expondremos, revocamos el pronunciamiento judicial apelado.

**I.**

La presente causa se inició el 3 de marzo de 2024, ocasión en que la señora Oquendo Fernández presentó una *Demanda* sobre daños y perjuicios en contra del ELA, por conducto del Secretario de Justicia, el Departamento de Transportación y Obras Públicas (en

---

[1] Véase, *Sentencia* de 28 de junio de 2024 del caso KLAN202400545, en el que se tuvo que desestimar el recurso apelativo por falta de jurisdicción, toda vez que el TPI omitió notificar a la parte apelada.

adelante, DTOP) y otros demandados con nombres desconocidos.[2] En esencia, la señora Oquendo Fernández solicitó el resarcimiento de los daños y perjuicios sufridos como consecuencia de una caída acontecida el 27 de septiembre de 2023, al tropezarse con un tubo que sobresalía de una acera en la Avenida Ponce de León de San Juan. La suma global de la indemnización reclamada ascendía a $65,000.00. En lo que nos atañe, transcribimos la primera y la quinta alegación de la reclamación:

> 1. La demandante en el presente caso es: Ana Oquendo Fernández. Su dirección residencial y postal es: 1312 Plaza Gran Victoria, Ave. Ponce De León, San Juan, P.R. 00907. Su teléfono es: [...]
>
> .　.　.　.　.　.　.　.
>
> 5. El 27 de septiembre de 2023, en horas de la mañana, mientras la demandante caminaba por una acera ubicada en la Avenida Ponce De León en San Juan, tropezó con un pedazo tubo que sobresalía de dicha acera, cayendo de bruces al suelo. Dicho tubo aparentaba ser el remanente de un poste que sostenía algún rótulo o letrero, que, al cortarlo, dejaron ese pedazo expuesto.

Es meritorio mencionar que, en observancia a la Ley 104, *infra*, a través de su representante legal, la demandante cursó por correo certificado una oportuna misiva dirigida al Secretario de Justicia, fechada el 5 de octubre de 2023, la cual fue recibida al día siguiente.[3] Reproducimos la comunicación, a la que hemos impartido énfasis:

> 5 de octubre de 2023
>
> Hon. Domingo Emanuelli
> Secretaria de Justicia
> Departamento de Justicia
> P.O. Box 9020192
> San Juan, P.R. 00902-0192
>
> Estimado señor Secretario:
>
> La presente es la notificación oficial que la Ley requiere se le haga por los reclamantes al Secretario de Justicia cuando se tiene una reclamación contra el Estado Libre Asociado de Puerto Rico por culpa o negligencia de dicho Estado.

---

[2] Apéndice, págs. 1-3.
[3] Apéndice, págs. 27-29 y 40-42.

Esta notificación la hace el abogado suscribiente a nombre y en representación de la Sra. Ana Oquendo Fernández.

**El accidente objeto de esta notificación ocurrió el 27 de septiembre de 2023, en hora de la mañana, en una acera ubicada en la Avenida Ponce De León en San Juan, particularmente cerca de la residencia de la reclamante**. Mientras nuestra representada caminaba por la referida acera, **tropezó con un pedazo de tubo que sobresalía de la misma**. Dicho tubo aparentaba ser el **remanente de un poste que sostenía algún rótulo o letrero, que, al cortarlo, dejaron ese pedazo expuesto**.

Como consecuencia de dicho accidente, la reclamante sufrió un trauma en su cabeza, nariz y rostro. Debido a los daños sufridos, el mismo día la reclamante acudió al CDT Hoare en San Juan.

La negligencia del E.L.A. consistió en mantener en sus aceras, pedazos de tubos expuestos casi imperceptible para el transeúnte. A su vez, la negligencia del E.L.A consistió en no poner aviso alguno que alertara a las personas de tal condición peligrosa, siendo previsible que ocurriera un accidente como el que le ocurrió al reclamante.

La naturaleza del daño general sufrido por [la] reclamante consiste en las lesiones antes mencionadas, habiendo quedado afectado además de su estado anímico. Tuvo que incurrir en gastos médicos y medicinas. Ést[a] reclama por concepto de daños y perjuicios una suma no menor de CINCUENTA MIL DÓLARES (50,000.00).

Es además el propósito inequívoco de esta notificación hacer la correspondiente reclamación, como por la presente lo está haciendo la reclamante al E.L.A., por su negligencia. De igual forma es la intención de interrumpir cualquier término de prescripción que haya transcurrido desde la ocurrencia de los hechos anteriormente expuestos.

Al momento, no contamos con testigos que hubiesen presenciado la caída de la reclamante. **La dirección física y postal de la reclamante es: 1312 Plaza Gran Victoria, Apt. [...], Ave. Ponce De León, San Juan, P.R. 00907**.

Les agradeceré me informen cu[á]l es la compañía aseguradora que para la fecha de los hechos tenía expedida una póliza de seguro de responsabilidad pública que cubra los daños y perjuicios en el caso de referencia

Cordialmente,

Juan M. Cancio Biaggi

Luego del debido emplazamiento,[4] el 10 de abril de 2024, el ELA hizo una comparecencia especial.[5] Solicitó una exposición más definida acerca del lugar donde aconteció la caída.[6] Ello así, al argüir que "[l]a Avenida Ponce de León se [extendía] desde la Plaza Colón del Viejo San Juan hasta el pueblo de Río Piedras".[7] El ELA añadió que la referida avenida concurría con la PR-25 y la PR-8838. Explicó que estaba impedido de identificar el lugar de la ocurrencia del accidente. En respuesta, el TPI ordenó a la señora Oquendo Fernández a enmendar la *Demanda* y especificar el lugar donde ocurrió la caída.[8]

En cumplimiento de *Orden*, la demandante presentó su *Demanda Enmendada*, no sólo para delimitar el lugar de los hechos, sino también para incluir a la aseguradora MAPFRE.[9] Sin cambios en la primera alegación, ahora, la sexta aducía:

> 6. El 27 de septiembre de 2023, aproximadamente a las 6:00 de la mañana, todavía oscuro, mientras la demandante caminaba por una **acera ubicada en la Avenida Ponce De León en San Juan, al pasar justo por el frente de la Iglesia Sagrado Corazón**, tropezó con un **pedazo de tubo que sobresalía de dicha acera**, cayendo de bruces al suelo. Dicho tubo aparentaba ser el **remanente de un poste que sostenía algún rótulo o letrero, que, al cortarlo, dejaron ese pedazo expuesto**.[10] (Énfasis nuestro).

Luego de otra comparecencia especial del ELA, esta vez para solicitar una prórroga para presentar su alegación responsiva, la cual fue concedida por el TPI,[11] el 13 de mayo de 2024, el ELA presentó una *Moción de Desestimación.*[12] En síntesis, al amparo de

---

[4] Refiérase a la entrada 7 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[5] Apéndice, págs. 4-7.

[6] La Regla 7.3 de Procedimiento Civil establece que "[a] los fines de determinar la suficiencia de una alegación, **las aseveraciones de tiempo y lugar son esenciales** y recibirán la misma consideración que las demás aseveraciones de carácter esencial". (Énfasis nuestro). 32 LPRA Ap. V, R. 7.3.

[7] Apéndice, pág. 5.

[8] Apéndice, pág. 8.

[9] Apéndice, págs. 9-10; 11-14. MAPFRE presentó su alegación responsiva el 16 de mayo de 2024; véase, Apéndice, págs. 43-48.

[10] Apéndice, pág. 12.

[11] Véase, entradas 18 y 19 del SUMAC.

[12] Apéndice, págs. 15-29.

la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, solicitó la desestimación de la reclamación de la señora Oquendo Fernández. En particular, expuso que la notificación efectuada el 5 de octubre de 2023 por la demandante incumplió crasamente con el requisito de notificación clara y concisa que exige la Ley 104, *infra*, pues no advertía el sitio donde ocurrió el alegado accidente ni alegó justa causa.

El 15 de mayo de 2024, la señora Oquendo Fernández presentó una *Moción de Oposición a la Moción de Desestimación*.[13] La demandante ripostó la petición desestimatoria, a la que consideró un mero pretexto. Sostuvo que cumplió a cabalidad con la notificación y que ésta satisfizo todas las exigencias de forma y contenido estatuidas. En específico, planteó que de la misiva surgía que el accidente había ocurrido en la Avenida Ponce de León de San Juan cerca de su residencia y había incluido su dirección física. Además, la señora Oquendo Fernández alegó que el ELA no contestó la notificación ni mostró interés alguno en investigar el accidente, por lo que se vio compelida a incoar la reclamación por la vía judicial. Añadió que el demandado tampoco demostró que sufrió algún perjuicio por motivo de la supuesta notificación defectuosa. Asimismo, apuntó que exigir a la parte demandante "incluir en la notificación con particular precisión el lugar exacto de su caída, [excedía] lo requerido por la ley y constituiría un fracaso de la justicia".[14]

El 9 de julio de 2024, el TPI notificó la *Sentencia Parcial* impugnada.[15] En su determinación, el TPI acogió los argumentos del demandado y declaró Ha Lugar la *Moción de Desestimación* presentada por el ELA. En consecuencia, desestimó con perjuicio la

---

[13] Apéndice, págs. 30-42. En la misma fecha, la representación legal del ELA renunció. No fue hasta la etapa de postsentencia que el ELA compareció con nueva representación legal. Véase entradas 22, 26, 29 y 32 del SUMAC.
[14] Apéndice, pág. 35.
[15] Apéndice, págs. 49-53.

*Demanda* del presente caso contra el ELA, en representación del DTOP. El pleito continuó contra la aseguradora.

En desacuerdo con la determinación de la *Sentencia Parcial*, la señora Oquendo Fernández acudió ante nos el 18 de julio de 2024 mediante el presente recurso de *Apelación*. En éste, la demandante señaló la comisión del siguiente error:

> ERRÓ EL TPI AL DESESTIMAR LA CAUSA DE ACCIÓN DE LA DEMANDANTE-APELANTE AL DETERMINAR QUE LA NOTIFICACIÓN ENVIADA AL SECRETARIO DE JUSTICIA CONFORME A LEY DE PLEITOS CONTRA EL ESTADO FUE INSUFICIENTE POR NO INCLUIR UNA DESCRIPCIÓN CLARA Y CONCISA DEL SITIO DEL ACCIDENTE.

El 19 de agosto de 2024, la Oficina del Procurador General de Puerto Rico, presentó el *Alegato del Estado*. Con el beneficio de su comparecencia, procedemos a resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite a un demandado solicitar al tribunal que desestime la demanda antes de presentar su alegación responsiva cuando de las propias alegaciones de la reclamación surge que alguna de las defensas afirmativas prosperará. *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001), citado en *Conde Cruz v. Resto Rodríguez et al*, 205 DPR 1043, 1065 (2020). La petición debe basarse en uno o varios de los siguientes fundamentos: **falta de jurisdicción sobre la persona** o la materia, insuficiencia del emplazamiento o en su diligenciamiento, **dejar de exponer una reclamación que justifique la concesión de un remedio**, o dejar de acumular una parte indispensable. Regla 10.2 de Proc. Civil, *supra*; *Conde Cruz v. Resto Rodríguez et al, supra*, pág. 1066; además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa et al.*, 210 DPR 384, 396 (2022).

Es doctrina firmemente asentada que, al evaluar una moción de desestimación al amparo de esta norma procesal, "**los tribunales**

**tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante**". (Énfasis nuestro). *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93 a la pág. 12, 214 DPR __ (2024); *López García v. López García*, 200 DPR 50, 69 (2018); *Colón v. Lotería de Puerto Rico*, 167 DPR 625, 649 (2006); *Roldán Rosario v. Lutrón, S.M., Inc.*, 151 DPR 883, 890 (2000). Ante una petición desestimatoria, sólo procede su concesión cuando surja de las alegaciones fácticas bien expuestas que la parte demandante no es acreedora de un remedio. *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). Por tanto, **una demanda no podrá ser desestimada, a menos que se desprenda con toda certeza que el demandante no tiene derecho a la concesión de un remedio, bajo cualesquiera de los hechos que se puedan probar en apoyo de su reclamación e interpretando la reclamación de manera liberal**. *Blassino Alvarado v. Reyes Blassino, supra*, pág. 12; *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267-268 (2021); *Rivera Sanfeliz v. Junta de Directores*, 193 DPR 38, 49 (2015); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). En otras palabras, los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Blassino Alvarado v. Reyes Blassino, supra*, pág. 12; *Cruz Pérez v. Roldán Rodríguez et al., supra*, pág. 268; *Pressure Vessels P.R. v. Empire Gas P.R., supra*, pág. 505.

**B.**

Por virtud de la doctrina de inmunidad soberana, el ELA no puede ser demandado sin su consentimiento. *Defendini Collazo et al. v. ELA*, 134 DPR 28, 46 (1993), que cita a *Rosaly v. El Pueblo et al.*, 16 DPR 508 (1910). No obstante, la Asamblea Legislativa, promulgó la Ley Núm. 104 de 29 de junio de 1955, *Ley de*

*Reclamaciones y Demandas contra el Estado*, 32 LPRA sec. 3077 *et seq.* (Ley 104). Mediante el estatuto, el ELA consiente a ser demandado en acciones por daños y perjuicios a la persona o a la propiedad. 32 LPRA sec. 3077. Por lo tanto, esta ley constituye una renuncia a la inmunidad soberana, aunque la autorización para demandar no es irrestricta ni ilimitada. La Ley 104, *supra*, condiciona la renuncia de inmunidad al requisito de cumplimiento estricto a ser satisfecho antes de entablar una acción judicial en contra del cuerpo político, mediante una notificación escrita dirigida al Secretario de Justicia. *Toro Rivera* v. *ELA*, 194 DPR 393, 410 (2015).

En lo pertinente al caso de autos, el Artículo 2-A de la Ley 104 dispone lo siguiente:

> a) **Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona** o a la propiedad, **causados por culpa o negligencia de dicho Estado**, **deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido**, los nombres y direcciones de sus testigos, y **la dirección del reclamante**, así como el **sitio donde recibió tratamiento médico en primera instancia**.
>
> b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por **correo certificado**, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.
>
> c) La referida notificación escrita **se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama**. […].
>
> .    .    .    .    .    .    .    .
>
> e) **No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos** en esta sección, a menos que no haya mediado justa causa para ello. **Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté**

**cubierta por una póliza de seguro**. (Énfasis nuestro.)
32 LPRA sec. 3077a.

.     .     .     .     .     .     .     .

De lo anterior se desprende que la obligación de notificar al soberano exige dos condiciones importantes: el aviso al ELA debe producirse, primeramente, dentro de los noventa (90) días contados desde que la persona perjudicada conoce el daño; y segundo, antes de iniciar la acción judicial. *Toro Rivera* v. *ELA, supra,* pág. 411. De no satisfacerlos, la Ley 104, *supra*, impide clara e inequívocamente comenzar un proceso judicial en contra del ELA, salvo que medie justa causa que torne innecesaria la notificación o prolongue el término para efectuarla. Claro está, este requisito es inaplicable a las reclamaciones en que la responsabilidad torticera del Estado está cubierta por una póliza de seguro. 32 LPRA sec. 3077a (e).

Además, la jurisprudencia ha sostenido que, si bien el requisito de notificación debe ser aplicado rigurosamente,[16] el término de noventa (90) días es uno de cumplimiento estricto, por lo que no alcanza calidad de condición precedente jurisdiccional. *Toro Rivera* v. *ELA, supra,* pág. 412; *Rosario Mercado* v. *ELA,* 189 DPR 561, 567 (2013); *Berríos Román* v. *ELA,* 171 DPR 549, 560 (2007); *Meléndez Gutiérrez v. E.L.A.*, 113 DPR 811, 813 (1983), que cita a *Loperena Irizarry v. ELA*, 106 DPR 357, 359 (1977). "Esta calificación libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias". *Loperena Irizarry v. ELA, supra*, pág. 360. A modo de ejemplo, el Tribunal Supremo de Puerto Rico ha resuelto que **el requisito de notificación dentro de los noventa (90) días no es de aplicación inexorable en casos donde el riesgo de que la prueba objetiva pueda desaparecer sea mínimo, de modo que el Estado pueda**

---

[16] *Acevedo* v. *Mun. de Aguadilla*, 153 DPR 788, 798 (2001) y los casos allí citados.

**investigar y corroborar los hechos alegados en la demanda que sea presentada**. *Meléndez Gutiérrez v. E.L.A., supra,* pág. 815; véase, además, *Berríos Román v. E.L.A., supra,* págs. 560-561*; Zambrana Maldonado* v. *ELA,* 129 DPR 740, 756 (1992).

En fin, el requisito de notificación tiene el propósito de: (1) **proporcionar a los cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación**; (2) desalentar las reclamaciones infundadas; (3) propiciar el pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades públicas de la existencia de la reclamación para que provea la reserva necesaria en el presupuesto anual; (7) mitigar el importe de los daños sufridos mediante la intervención oportuna, ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Mangual v. Tribunal Superior,* 88 DPR 491, 494 (1963); refrendado en *Toro Rivera* v. *ELA, supra,* pág. 411.

### III.

En la causa de autos, la señora Oquendo Fernández alega que el TPI incidió al desestimar la reclamación civil contra el ELA, basado en que la notificación enviada al Secretario de Justicia incumplió con la Ley 104, *supra*, al supuestamente no incluir una descripción clara y concisa del sitio del accidente. Recalca que el ELA tuvo conocimiento del accidente apenas unos ocho (8) días de su ocurrencia y que el apelado se cruzó de brazos. Afirma que la misiva cursada cumplió con la relación de hechos, el día, la hora, el lugar, la persona involucrada, su dirección y la institución hospitalaria donde recibió atención médica.

El ELA, por su parte, arguye que la apelante se limitó a indicar que el incidente tuvo lugar en la Avenida Ponce de León, en San Juan, cerca de su residencia. A base de esto, sostiene que con esa descripción no era posible identificar el lugar específico en que ocurrió el accidente. Mencionó que la vía urbana se extiende desde el Viejo San Juan hasta Río Piedras. Así, pues, razonó que la descripción era vaga, general e imprecisa.

Según esbozamos antes, la Ley 104, *supra*, requiere que la notificación al Secretario de Justicia sea por escrito, haga constar, en forma clara y concisa, la fecha, lugar, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, si alguno, la dirección del reclamante y el sitio donde recibió tratamiento médico. La comunicación debe ser enviada por correo certificado, dentro de los noventa (90) días siguientes a la fecha en que la persona perjudicada tuvo conocimiento de los daños que reclama.

En este caso, la **carta escrita** remitida por la señora Oquendo Fernández **al Secretario de Justicia** mediante **correo certificado**, a los **ocho (8) días** del incidente desgraciado, precisa la **fecha** y el momento del día en que ocurrió el accidente: "... el **27 de septiembre de 2023** en hora[s] de la mañana...". Aclaró que no contaba con **testigos** "que hubiesen presenciado la caída de la reclamante". Con relación a la **naturaleza del daño sufrido**, la apelante explicó que "sufrió un **trauma en su cabeza, nariz y rostro**". Ésta no sólo alegó padecer daños físicos, sino que también adujo una **afección en su estado anímico**. Asimismo, conforme su narración, la **causa** de sus daños se debió a que "tropezó con un **pedazo de tubo que sobresalía** de la [acera]. Por igual, la apelante imputó al ELA **negligencia**, la cual presuntamente "consistió en mantener en sus aceras **pedazos de tubos expuestos casi imperceptible para el transeúnte** [...]; "en **no poner aviso alguno**

**que alertara a las personas de tal condición peligrosa**, siendo previsible que ocurriera un accidente como el que le ocurrió al reclamante". Además, la señora Oquendo Fernández, informó dónde recibió **tratamiento médico**: "Debido a los daños sufridos, el mismo día la reclamante acudió al CDT Hoare en San Juan".

En cuanto al lugar de los hechos, de la notificación surge que el accidente ocurrió "**en una acera ubicada en la Avenida Ponce De León en San Juan, particularmente cerca de la residencia de la reclamante**". La apelante incluyó su dirección física completa: "**1312 Plaza Gran Victoria**, Apt. [...], Ave. Ponce De León, San Juan, P.R. 00907".

Al cuestionar la notificación, aun cuando no existía ninguna alusión a la acera del lado contrario de la vía, el ELA planteó que la Avenida Ponce de León tenía aceras a ambos lados. Añadió también que el concepto de cercanía era uno relativo y que el dato del sitio del accidente era separado y distinto a la información de la dirección de la persona perjudicada.

Nótese, sin embargo, que la dirección incluyó el código postal, lo que fácilmente delimita el área amplia por la que discurre la Avenida Ponce de León, permitiendo descartar el tramo de la PR-8838, al que el ELA aludió entre sus argumentos. Aún más, las señas indican específicamente el número y nombre del edificio en la Avenida Ponce de León donde reside la señora Oquendo Fernández. Con la información suministrada, primero, el ELA podía delimitar el área a la zona del código postal 00907; y, segundo, con el número y el nombre del edificio —1312 Plaza Gran Victoria en la Avenida Ponce de León de San Juan— el apelado tenía ante sí la línea del bloque específico donde reside la señora Oquendo Fernández y el lado de la acera donde aconteció el siniestro. Por ello, el planteamiento de que la referida vía transcurre entre el Viejo San Juan y Río Piedras es inmeritorio. Si bien lo que es cercano puede

variar entre personas, lo cierto es que, en este caso, el ELA no acreditó diligencia alguna de naturaleza investigativa que, en efecto, demostrara la imposibilidad de localizar, en el siglo 21, el lugar del accidente. Los hechos de este caso no acontecieron en una estrecha y sinuosa carretera rural, enmarcada por la vegetación, sino en la acera de una vía citadina, cuyos edificios están enumerados.

Además, en la misiva, la apelante explicó detalladamente la descripción del tipo de tubo que provocó su caída. En ese sentido, particularizó que se trató de "**un pedazo de tubo que sobresalía de la misma. Dicho tubo aparentaba ser el remanente de un poste que sostenía algún rótulo o letrero, que, al cortarlo, dejaron ese pedazo expuesto**". Es decir, debido a que el objeto fijo estaba incrustado en la acera, no existía el peligro de que desapareciera la prueba objetiva de la negligencia imputada. No obstante, el ELA optó por no investigar el accidente de la apelante y frustró el propósito legislativo. Peor aún, a sabiendas, el ELA ni siquiera se ocupó de mitigar el riesgo y tomar medidas cautelares para evitar que otra persona tropezara con el pedazo de tubo expuesto y así evitar daños futuros y la erogación de fondos públicos en el pago de otras reclamaciones civiles. Somos del criterio que, con un mínimo de esfuerzo, el ELA podía identificar el tubo remanente de un letrero que el DTOP tuvo en el tramo de la acera aledaño al edificio 1312. Tal vez, incluso se trataba de un hito de kilometraje que, precisamente, por estar cortado de manera inadecuada, a la apelante se le imposibilitó la precisión que ahora el ELA reclama.

En suma, opinamos que la señora Oquendo Fernández cumplió con la notificación que exige la Ley 104, *supra.* Recordemos que el requisito de una notificación clara y concisa persigue el propósito de "poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente". *Berríos*

*Román* v. *ELA, supra,* pág. 559; *Rivera de Vincenti v. ELA,* 108 DPR 64, 69 (1978). Ciertamente, con la notificación provista por la apelante, en la que incluyó su dirección residencial completa y una descripción detallada del pedazo de tubo, remanente de un letrero, el ELA tuvo la oportunidad, en una fecha casi inmediata a los hechos alegados, de investigar lo reclamado e identificar el referido tubo, toda vez que el sitio indicado era razonablemente ubicable y la evidencia no iba a desaparecer. De hecho, a petición del TPI, en la *Demanda Enmendada,* la señora Oquendo Fernández detalló que el pedazo de tubo expuesto con el que tropezó estaba frente a la Iglesia de Sagrado Corazón, sita en el 1308 de la Avenida Ponce de León, es decir, cerca del edificio donde vive la apelante.

Luego de un examen ponderado del expediente, estimamos que la notificación enviada al ELA habló por sí sola y satisfizo los requisitos estatuidos. Colegimos que el TPI actuó contrario al mandato de interpretación que rige a la Regla 10.2 de Procedimiento Civil, *supra*; y erró en su proceder de privar a la señora Oquendo Fernández de su día en corte.

**IV.**

Por los fundamentos expresados, revocamos la *Sentencia Parcial* apelada. En consecuencia, restablecemos la causa de acción de la Sra. Ana Oquendo Fernández contra el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Transportación y Obras Públicas. Devolvemos el caso del título ante la atención del Tribunal de Primera Instancia, Sala de San Juan, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones