# 97 DTA 125

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/ HUMACAO/ GUAYAMA
### PANEL I

MIGDALY CINTRON MARTINEZ
Apelante

v.

SCHERING-PLOUGH PRODUCTS, INC.; WESLEY-JESSEN,
CIDRA OPERATIONS Y AURORA OTERO
Apelados

Núm. KLAN-96-01236

San Juan, Puerto Rico, a 5 de junio de 1997

Panel integrado por su presidente, Juez Brau Ramírez,

el Juez Colón Birriel y la Juez Pesante Martínez

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La apelante Migdaly Cintrón Martínez recurre de una sentencia emitida el 3 de septiembre de 1996 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Caguas, desestimando sumariamente la demanda sobre daños y perjuicios e incumplimiento de contrato presentada por la apelante contra las apeladas Schering-Plough Products, Inc. *("Schering-Plough"),* Wesley-Jessen Cidra Operations *("Wesley-Jessen")* y Aurora Otero.

Confirmamos.

### II

Según se desprende del récord, la apelante estaba casada con Juan Ramón Ramos Ojeda, hijo de la apelada, Aurora Otero. De dicho matrimonio, la apelante y el Sr. Ramos Ojeda procrearon un hijo de nombre Jean Pierre Ojeda Cintrón.

El Sr. Ramos Ojeda trabajaba para las apeladas Schering-Plough y Wesley-Jessen, en la planta de éstas en Cidra, Puerto Rico. Como parte de los otros beneficios ofrecidos a sus empleados, la parte apelada proveía un plan de seguro grupal para muerte accidental con la compañía Metlife.

El 8 de junio de 1992, al comenzar sus labores con la apelada, el Sr. Ramos Ojeda llenó el correspondiente formulario de dicho seguro, en el cual designaba como beneficiarios a su hijo Jean Pierre Ramos Cintrón y a la apelada, Aurora Ojeda Falcón en un 50% de los beneficios para cada uno.

El citado formulario contenía una cláusula que expresaba:

*"Consentimiento del Cónyuge: Si usted es casado(a) y no desea designar a su cónyuge como beneficiario primario, su cónyuge deberá estar de acuerdo con su designación de beneficiario y confirmarlo firmando en la parte inferior de esta forma:*

| | |
|---|---|
| *Firma del Cónyuge* | *Fecha"* |

El formulario no indicaba cuál habría de ser la consecuencia de no prestarse este consentimiento.

A pesar de estar casado con la apelante, el Sr. Ramos Ojeda indicó en dicho formulario que era soltero, al igual que en los formularios correspondientes de retenciones de nómina y de contribución

sobre ingresos. Tampoco gestionó el consentimiento de la apelante para la designación de beneficiarios ni la parte apelada lo exigió, por desconocer que el Sr. Ramos Ojeda era casado.

El Sr. Ramos Ojeda falleció en un accidente ocurrido el 29 de mayo de 1994. La compañía aseguradora le pagó a la apelada Aurora Otero la suma de $24,546.34, equivalente al 50% de la póliza. También pagó una suma similar al menor Jean Pierre Ojeda Cintrón.

Al enterarse de la existencia de la póliza y de que había sido excluida de la designación de beneficiarios, la apelante presentó la presente acción por daños y perjuicios e incumplimiento de contrato ante el Tribunal de Primera Instancia contra las apeladas de epígrafe. La apelante solicitaba que se declarara la nulidad de la designación de beneficiarios de la póliza, por no haber prestado su consentimiento para la misma. En la demanda no se incluyó al menor Jean Pierre Ojeda Cintrón.

Oportunamente, Wesley-Jessen presentó una moción de desestimación, alegando que la designación de beneficiario era válida, conforme a lo resuelto por el Tribunal Supremo de Puerto Rico en *Pilot Life Insurance Company v. Crespo Martínez,* \_\_\_ D.P.R. \_\_\_ (1994), **94 J.T.S. 104**.

Mediante órdenes emitidas el 16 de octubre de 1995 y el 23 de abril de 1996, el Tribunal apercibió a la apelante de la necesidad de incluir en el pleito al menor, como parte indispensable para la concesión del remedio solicitado, y brindó la oportunidad de presentar la correspondiente enmienda las alegaciones. La parte apelante, sin embargo, no enmendó su demanda.

El 3 de septiembre de 1996, mediante la sentencia apelada, el Tribunal de Primera Instancia declaró con lugar la moción de desestimación presentada por la parte apelada. El Tribunal determinó que, conforme al citado caso de *Pilot Life Insurance Company v. Crespo Martínez, supra,* el Sr. Ramos Ojeda tenía derecho a hacer una designación de beneficiarios para su póliza, sin que fuese necesario el consentimiento de la apelante. Consideró, además, que la demanda adolecía del defecto de parte indispensable al no haberse incluido como co-demandado al menor, Jean Pierre Ojeda Cintrón, hijo de la apelante y del causante, lo que requería la desestimación del pleito.

La parte apelante solicitó reconsideración, la que no fue acogida por el Tribunal.

### III

En su recurso, la apelante plantea que el Tribunal de Primera Instancia erró al desestimar la demanda, a pesar de que el propio formulario exigía el consentimiento de la apelante, el que no fue tramitado, y al considerar al menor como una parte indispensable en el caso.

Coincidimos, sin embargo, con la distinguida Sala recurrida en que el precedente de *Pilot Life Insurance Company v. Crespo Martínez,* **94 J.T.S. 104**, resulta dispositivo de la presente controversia.

En Pilot Life Insurance se trataba de una situación similar a la del caso de autos en que un adquirente de una póliza había instituido a su madre como beneficiaria de la misma, con exclusión de su ex-esposa y anterior beneficiaria, quien no había consentido al cambio. Al sostener la actuación del causante y adjudicar los beneficios de la póliza a la madre de éste, beneficiaria de dicho contrato, el Tribunal Supremo de Puerto Rico expresó que: *"[d]ebe quedar claro,.... que en Puerto Rico, el beneficiario es el único con derecho a recibir el producto de una póliza de seguro de vida".*

**94 J.T.S. 104**, a la pág. 22. El Tribunal también observó que:

*"Por su naturaleza, la vigencia de una póliza de seguro de vida se desarrolla en dos etapas, una durante la vida del asegurado y la otra a la muerte de éste. Durante la primera etapa, el que aparece como dueño es el titular de la póliza y, como tal, tiene todos los derechos que ésta le confiere. No obstante, una vez muere el asegurado, comienza la segunda etapa. Es entonces que el beneficiario adquiere un derecho propio y distinto de aquel perteneciente al tomador del seguro sobre el producto de la póliza.... En esta etapa,..., la reclamación del beneficiario es superior a la de cualquier otro con interés en esa suma de dinero.*

*La determinación de a quién pertenece la póliza durante la primera etapa cobra importancia en*

*cuanto a los derechos que se tienen sobre la misma. Unicamente el titular o dueño de la póliza podrá ejercer los mismos. Entre los derechos de éste se encuentra el poder de realizar cambios en la designación de beneficiario.....*

*...[N]o empece el modo de adquisición, el derecho sobre la titularidad de una póliza de seguro de vida es personalísimo. Nunca acrecerá el haber común. Será titular aquel sobre la vida del cual se haya tomado el seguro por razón de la relación tan íntima entre su persona y la existencia del contrato."*

**94 J.T.S. 104**, a las págs. 22-23.

Conforme a lo anterior, el titular de un seguro de vida tiene un derecho personalísimo sobre la póliza y puede realizar aquellas designaciones de beneficiarios que desee o estime pertinentes. Una vez el asegurado hubiera fallecido, el título sobre la póliza recae sobre el beneficiario designado.

En la situación de autos, el causante designó en vida a la apelada y a su hijo como los beneficiarios exclusivos de la póliza. Habiendo fallecido éste, resultaba procedente la adjudicación de la póliza conforme a los términos de la designación de beneficiario suscrita por su titular.

La parte apelante plantea que, no obstante lo resuelto en *Pilot Life Insurance Company v. Crespo Martínez,* en la situación de autos la designación de beneficiarios resultaba nula porque el propio formulario de la compañía requería que el cónyuge consintiera si la designación de beneficiario recaía sobre otra persona. No adjudicamos, sin embargo, tal efecto a la cláusula en cuestión.

Lo cierto es que, según hemos visto, la titularidad exclusiva sobre la póliza correspondía, como cuestión de derecho, al Sr. Ramos Ojeda. No creemos que la cláusula del formulario que requería el consentimiento de la apelante para la designación de beneficiario pudiera tener el efecto de privar al causante de su derecho de disponer sobre su propiedad o de escoger un beneficiario. Tampoco pensamos que dicho derecho podía supeditarse al consentimiento del apelante si el causante, a su vez, no lo deseaba así.

El formulario en cuestión no disponía cuál habría de ser el efecto de no obtenerse el consentimiento de la apelada. La parte apelante alega que ello conllevaba la nulidad de la designación, pero no está claro porqué ello hubiera de ser así. Nos parece, al contrario, que en ausencia de un acuerdo específico para variar la letra de la ley, debe concluirse que la misma aplica a esta situación. Pero el derecho aplicable concedía al causante la potestad exclusiva para disponer de la póliza.

Como cuestión de hecho, el causante no le indicó a la parte apelada que estaba casado. Desde el punto de vista de la compañía, de este modo, la designación unilateral de beneficiario era válida y debía ser honrada. No surge tampoco que la apelada Aurora Otero hubiese sido cómplice en la ocultación, por lo que no existe base para penalizar a dicha parte por la omisión del causante de notificar a su esposa de lo que había hecho.

En cualquier caso, lo cierto es que la demanda debía ser desestimada por el fundamento adicional de ausencia de parte indispensable. Está claro que el menor Jean Pierre Ojeda Cintrón, hijo de la apelante y del causante, también aparecía como beneficiario de la póliza. El Tribunal no podía declarar la nulidad de esta designación sin tener ante sí a dicha parte. Tampoco podía en derecho, como sugiere la apelante, emitir un pronunciamiento parcial que afectara solamente la designación de la apelada. La parte apelante se rehusó a corregir el defecto, a pesar de las diversas oportunidades que le brindó el Tribunal de así hacerlo. En estas circunstancias, procedía la desestimación de la demanda. Véanse, *Meléndez Gutiérrez v. E.L.A.,* 113 D.P.R. 811, 815-816 (1983); *Hernández Agosto v. Romero Barceló,* 112 D.P.R. 407, 412, 413 (1982); *Fuentes v. Tribunal de Distrito,* 73 D.P.R. 959, 981 (1952); 32 L.P.R.A. Ap. III, R. 16.1; véase, además, *Martínez Soria, Ex parte,* ___ D.P.R. ___ (1995); **95 J.T.S. 143.**

Por los fundamentos expresados, se revoca la sentencia apelada. Se devuelve el caso al foro de Primera Instancia para procedimientos consistentes con esta sentencia.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General