# 97 DTA 184

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

MIGUEL MALDONADO Y OTROS
Demandantes-Apelantes

v.

RAMON DOMINGUEZ Y OTROS
Demandados-Apelados

Núm. KLAN-97-00468

San Juan, Puerto Rico, a 26 de agosto de 1997

Panel integrado por su Presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se apela de una sentencia del Tribunal de Primera Instancia, Sala de San Juan, mediante la cual dicho foro desestimó en su totalidad la demanda interpuesta por los apelantes contra los apelados, al declararse sin jurisdicción por ser la Oficina del Comisionado de Instituciones Financieras (Oficina

del Comisionado) la agencia con jurisdicción exclusiva para atender las reclamaciones objeto de la demanda.

Por no estar conforme con dicho dictamen, los apelantes acuden ante nos, alegando en síntesis que el tribunal de instancia erró: primero, al desestimar la demanda al concluir que es la Oficina del Comisionado la entidad con jurisdicción primaria exclusiva para atender las controversias planteadas y que los remedios provistos en la Ley Uniforme de Valores excluyen otros remedios bajo el Código Civil; y segundo, al determinar desestimar la demanda al concluir que PRIBANK era parte indispensable en el procedimiento y no fue incluido.

Atendidos los alegatos, se revoca la sentencia apelada por los siguientes fundamentos.

## I

Los hechos que dan lugar al presente recurso, sin pasar juicio sobre la veracidad de los mismos, se relatan a continuación.

Se alega que el 30 de agosto de 1993, se celebró una reunión a la cual fueron invitados los apelantes y otros posibles inversionistas de lo que se convertiría posteriormente en PRIBANK. En dicha reunión los apelados Ramón Domínguez y Antonio Rosado, realizaron alegadamente representaciones fraudulentas de lo que serían las acciones de la referida entidad.

Para el 14 octubre la Oficina del Comisionado le otorgó una autorización condicionada a dichas partes, para operar bajo la ley bancaria como PRIBANK y el 18 de octubre de 1993, quedó finalmente organizada y registrada dicha entidad en el Departamento de Estado, bajo la Ley General de Corporaciones de Puerto Rico, vigente en ese momento. Posterior a dichos eventos alegadamente PRIBANK emitió y vendió las acciones a los apelantes bajo las ofertas que le hicieron los apelados en su carácter personal en la reunión de agosto.

Las inversiones de PRIBANK alegadamente estaban a cargo de los apelados Ramón Domínguez y Antonio Rosado y con el transcurso del tiempo se perdió todo el capital invertido por los apelantes. Los apelantes demandaron a los apelados al amparo de la Ley Uniforme de Valores, incluyeron reclamaciones por dolo y daños y perjuicios. El remedio solicitado por los apelantes era esencialmente, la devolución del dinero invertido más los intereses sobre dicha suma.

Por su parte, los apelados alegaron que los apelantes eran versados en los negocios de valores, que participaron activamente en la creación y organización de PRIBANK y habían participado en las distintas juntas de accionistas que se llevaron a cabo, en las cuales se discutió ampliamente la política de inversiones de la referida entidad. Que PRIBANK fue la entidad corporativa que emitió los valores y los ofreció en venta y no ellos en su carácter individual. Alegaron, que PRIBANK era una institución bancaria organizada bajo la Ley de Banca Internacional, que estaba exenta de la legislación de valores y que los apelantes bajo la doctrina de actos propios estaban impedidos de impugnar las compraventas de acciones.

El apelado Ramón Domínguez, presentó una moción de desestimación y de sentencia sumaria por falta de jurisdicción, a lo cual se opusieron los apelantes.

Luego de analizar los escritos, el foro de instancia acogió los planteamientos jurisdiccionales presentados por los apelados y desestimó la demanda al resolver en síntesis, que la Oficina del Comisionado es la que tiene jurisdicción exclusiva en la controversia.

Los apelantes acuden ante nos, para revisar dicha determinación.

## II

Cónsono con los hechos esbozados analicemos el derecho aplicable.

Los apelantes plantean como primer error, que el tribunal de instancia actuó equivocadamente al declarar que el Comisionado de Instituciones Financieras era quien tenía la jurisdicción exclusiva del caso.

A los fines de discutir dicho error debemos analizar el estatuto de la agencia en controversia y las normas jurisprudenciales dictadas por nuestro más alto foro al respecto.

En nuestra jurisdicción se ha reconocido que la doctrina de jurisdicción primaria consta de dos vertientes, la jurisdicción primaria concurrente y la jurisdicción primaria exclusiva. *Rivera Ortiz v. Municipio de Guaynabo,* opinión del 28 de junio de 1996, **96 J.T.S. 101,** pág. 1368. En la jurisdicción primaria concurrente, se permite que la reclamación se inicie en el foro administrativo o en el judicial indistintamente, y el promovente del recurso puede seleccionar el foro en que va a litigar su reclamación. *Méndez v. Rodríguez,* opinión del 5 de mayo de 1995, **95 J.T.S. 57,** págs. 873, 874.

Bajo la doctrina de jurisdicción primaria exclusiva, también conocida como jurisdicción estatutaria, sólo el foro administrativo tiene la jurisdicción para entender en primer término sobre la reclamación y una vez agotados los remedios, entonces la parte afectada puede acudir al foro judicial. *Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347, 354 (1988); *Rivera Ortiz v. Municipio de Guaynabo, supra,* pág. 1368. Ello es así, porque el propio estatuto establece la exclusividad del foro para entender en determinados asuntos antes de acudir al foro judicial. *Colón Ventura v. Méndez,* opinión del 5 de mayo de 1992, **92 J.T.S. 51,** pág. 9450; Fernández Quiñones, Demetrio, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* Forum, 1993, pág. 428.

Partiendo de los principios enumerados analicemos el estatuto que está en controversia.

El Art. 407 de la Ley Núm. 60 de 18 de junio de 1963, según enmendada, conocida como la Ley Uniforme de Valores, le confiere facultades definidas al Comisionado de Instituciones Financieras para investigar cualquier práctica violatoria de dicha ley e imponer sanciones. 10 L.P.R.A. sec. 887. La parte que se vea perjudicada por un dictamen administrativo podrá acudir mediante revisión ante el foro judicial. 10 L.P.R.A. sec. 891.

No obstante, no surge de la Ley Uniforme de Valores, ni de su historial legislativo, que la Oficina del Comisionado tiene jurisdicción primaria exclusiva para entender en reclamaciones civiles relacionadas con la ley. El referido estatuto expresa en su Art. 410(2)(h), que los remedios provistos son en adición a cualquier otro derecho o remedio que pueda existir. 10 L.P.R.A. sec. 890(2)(h). Inclusive, establece el término prescriptivo de dos (2) años en los casos que se reclame responsabilidad civil, incluyendo sobre cuantías en daños y perjuicios. Art. 410 (2)(e) de la Ley Uniforme de Valores, *supra,* 10 L.P.R.A. sec. 890 (2)(e) (Supl. 1996). Cf. *Paine Webber v. First Boston,* opinión de 30 de junio de 1994, **94 J.T.S. 98,** pág. 12139.

Como principio general de hermenéutica, cuando una ley es clara y carece de ambigüedad, no debe interpretarse para añadirle limitaciones o restricciones que no surgen de su texto. *Ríos Colón v. Corporación del Fondo del Seguro del Estado,* opinión de 11 de octubre de 1995, **95 J.T.S. 133,** pág. 140. (Casos citados.)

Del análisis de la ley y los precedentes discutidos, concluimos que incidió el tribunal apelado al resolver que la jurisdicción para considerar los remedios invocados por los apelantes era exclusiva de la Oficina del Comisionado.

Para que exista una determinación de jurisdicción exclusiva de la agencia administrativa, que impida la intervención de los tribunales en la etapa inicial de los procedimientos, la ley de la agencia tiene que expresarlo específicamente. La Ley Uniforme de Valores, ni su historial legislativo establecen que la Oficina del Comisionado tiene jurisdicción primaria exclusiva sobre las reclamaciones objeto del caso ante nos.

Por lo tanto, resolvemos que los apelantes tienen derecho a reclamar judicialmente ante los tribunales los remedios presentados.

### III

Una vez resuelto que el tribunal apelado tiene jurisdicción, debemos señalar sobre el segundo error, que incidió el foro apelado al desestimar la reclamación por no incluirse una parte indispensable.

La Regla 16.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse una controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuevas Segarra, José; *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S., Inc.**, 1984, pág. 92. El tribunal podrá ordenar además, la comparecencia de aquellas personas, sujetas a su jurisdicción, que a pesar de no ser partes indispensables, deban ser acumuladas si se ha de conceder un remedio completo a las personas que ya sean partes en el pleito. Regla 16.2, *supra. Cepeda Torres v. García Ortiz,* opinión de 12 febrero de 1993, **93 J.T.S. 20,** pág. 10,395. (Casos citados.)

A los fines de determinar lo que es una parte indispensable, la frase *"interés común"* que aparece en la regla no se refiere a cualquier interés en un pleito, sino a un interés de tal orden, que impida la preparación de un decreto judicial sin afectarlo. La frase *"sin cuya presencia no pueda adjudicarse la controversia",* se refiere a la persona o entidad que debería hacerse parte en el pleito para no afectar su interés en el mismo. *Hernández Agosto v. López Nieves,* 114 D.P.R. 601, 607-610 (1983).

La omisión de una parte indispensable, no constituye impedimento para que a solicitud de la parte interesada, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando pueda el tribunal adquirir jurisdicción sobre la misma. *Meléndez Gutiérrez v. E.L.A.,* 113 D.P.R. 811, 816 (1983).

En el caso de autos, existe controversia sobre el carácter en el que está organizada la entidad PRIBANK. No se ha establecido si es simplemente una corporación organizada al amparo de la Ley General de Corporaciones o si es un banco bajo la Ley de Banca Internacional. Tampoco está claro si los apelados actuaron como oferentes de las acciones de PRIBANK en su capacidad individual o representando a dicha persona jurídica.

Si el tribunal apelado determinara que en efecto PRIBANK es parte indispensable, tiene la facultad de ordenar traerlo al pleito ya sea a petición de parte o a iniciativa propia, en lugar de desestimarlo por esa razón. Ante tales circunstancias, concluimos que incidió el foro recurrido al desestimar la demanda por la alegada ausencia de una parte indispensable.

## IV

Por último y no menos importante, la Regla 10.2 de Procedimiento Civil, *supra*, expresa que las alegaciones de una demanda deben ser interpretadas de la manera más liberal posible, ante una moción de desestimación. *Pressure Vessels of Puerto Rico v. Empire Gas,* opinión del 23 de noviembre de 1994, **94 J.T.S. 144**, págs. 430-431. Las alegaciones se deben interpretar de forma conjunta una con las otras, tomando en consideración el epígrafe, la súplica y siempre con el propósito de hacerle justicia a las partes. *Reyes Castillo v. Cantera Ramos, Inc.,* opinión de 7 de abril de 1996, **96 J.T.S. 9**, pág. 605. (Casos citados.)

Del análisis de las alegaciones en conjunto, concluimos que la parte apelante cumplió sustancialmente con su obligación de notificar los derechos que reclama a virtud de la Ley Uniforme de Valores, por lo cual no procedía su desestimación.

## V

Por los anteriores fundamentos, se revoca la sentencia apelada y se devuelve el caso al tribunal de instancia, para la continuación de los procedimientos conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General