Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MAGALY RODRÍGUEZ LARACUENTE, WANDA YVETTE RODRÍGUEZ CARDONA<br><br>Apeladas<br><br>v.<br><br>CLARA ELENA DE JESÚS SANTOS<br><br>Apelante | KLAN202400898 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2021CV00811 (603)<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece ante este tribunal apelativo, la Sra. Clara Elena de Jesús Santos (señora De Jesús Santos o la apelante) mediante el recurso de *Apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 3 de septiembre de 2024, notificada al día siguiente. Mediante este dictamen, el foro primario declaró *Ha Lugar* a la *Moción de Sentencia Sumaria* presentada por la Sra. Magaly Rodríguez Laracuente y la Sra. Wanda Yvette Rodríguez Cardona (la parte apelada). Además, se desestimó la reconvención presentada por la apelante.

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.

### I.

A continuación, realizamos el tracto procesal de los casos relacionados a la presente controversia.

Número Identificador
SEN2024_____

**SJ2017CV02160**[1]

El 27 de octubre de 2017, la señora De Jesús Santos instó una *Demanda* contra el Sr. Ángel Rodríguez Huertas (señor Rodríguez Huertas) por cobro de dinero y ejecución de hipoteca.[2] En esta, reclamó haberle prestado $29,000, cantidad garantizada mediante un Pagaré al Portador que gravaba en hipoteca una propiedad inmueble ubicada en la Sección Norte del Barrio de Santurce. Dicha hipoteca fue inscrita en el Registro de la Propiedad. Así pues, alegó que, pese a las gestiones de cobro realizadas, el señor Rodríguez Huertas no había pagado la cantidad adeudada, por lo que solicitó la ejecución de la propiedad que gravaba el pagaré.

El señor Rodríguez Huertas fue emplazado el 25 de enero de 2018 en el Centro de Rehabilitación *St. Jude Nursing Rehab. Facility,* según surge del diligenciamiento.[3] La dirección informada en la demanda fue Skyview Tower, Torre 2, Apartamento 8-G, en Cupey.[4] El 19 de julio de 2018, notificada el 23 de julio siguiente, el TPI anotó la rebeldía al señor Rodríguez Huertas y concedió término a la apelante para que sometiera ciertos documentos.[5]

El 11 de junio de 2019, notificada el 18 de junio siguiente, el TPI dictó una Sentencia declarando con lugar la demanda.[6] El 1 de agosto de 2019 se solicitó la ejecución de la sentencia, expidiéndose Mandamiento y Orden de Ejecución de Hipoteca, el 20 de agosto siguiente.

El 17 de diciembre de 2019, se celebró la Subasta y la propiedad le fue adjudicada a la señora De Jesús Santos.[7] El 27 de enero de 2020, el TPI emitió una *Orden de Confirmación de*

---

[1] El apelante la menciona incorrectamente como el KCD2017-1452.
[2] La misma se enmendó el 20 de diciembre de 2017. Véase, Apéndice del Recurso, a las págs. 6 y 7.
[3] Véase, Apéndice del Recurso, a la pág. 9.
[4] *Íd.*, a las págs. 1 y 6.
[5] *Íd.*, a la pág. 10. La orden se notificó al señor Rodríguez Huertas.
[6] *Íd.*, a las págs. 11-14.
[7] *Íd.*, a las págs. 24-25.

*adjudicación o Venta Judicial.*[8] El 2 de julio de 2020, la señora De Jesús Santos obtuvo posesión física del bien inmueble subastado.[9]

El 20 de julio siguiente, la parte aquí apelada compareció al TPI mediante una *Moción Solicitando Relevo de Sentencia, Nulidad de Venta Judicial y Desestimación.*[10] Alegaron ser la únicas y universales herederas del señor Rodríguez Huertas y que la señora De Jesús Santos conoció del fallecimiento de su padre, más no lo informó al tribunal ni solicitó la sustitución de parte.

El 22 de julio de 2020, el TPI emitió una Orden en la que rechazó la solicitud de relevo de sentencia. En específico, el tribunal de instancia expresó: "No Ha Lugar. La Sentencia de este caso se dictó hace más de un año, por tanto, la Demandada deberá presentar un pleito independiente." Inconforme, estas acudieron ante esta *Curia* y el 18 de noviembre de 2020 se dictó la *Sentencia* en el KLCE202000815 confirmando dicha orden. Este foro intermedio razonó que:

> "... cualquier persona que interese impugnar una sentencia y solicitar su relevo por nulidad tiene seis meses para gestionar el relevo dentro del mismo caso, independientemente de la causa para la alegada nulidad. Transcurrido este término, como sucedió en el caso de marras, el TPI no puede considerar una moción de relevo y tal acción de relevo de nulidad deberá ser presentada en pleito independiente conforme lo exige la propia Regla 49.2 de Procedimiento Civil, *supra*."

El 10 de febrero de 2021, la Unidad de Cuentas emitió certificación de fondos por $99,100.[11]

**SJ2021CV00811**

El 9 de febrero de 2021, la parte aquí apelada instó una *Demanda* contra la señora De Jesús Santos sobre nulidad de sentencia.[12] Alegaron ser las únicas herederas del señor Rodríguez Huertas y que, al momento en que se dictó la sentencia en el

---

[8] Véase, expediente electrónico del caso SJ2017CV02160 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 32.
[9] Véase, Apéndice del Recurso, a las págs. 30-31.
[10] *Íd.*, a las págs. 32-44.
[11] Véase, SUMAC, Entrada Núm. 52.
[12] Véase, Apéndice del Recurso, a las págs. 46-50.

SJ2017CV02160, ya su padre había fallecido. Asimismo, arguyeron que la señora De Jesús Santos supo de dicho fallecimiento el 4 de mayo de 2019, cuando habló con la Sra. Magaly Rodríguez Laracuente sobre la demanda. No obstante, **no informó al TPI sobre el fallecimiento**. Como segunda causa de acción, alegaron que la apelante se apropió de bienes muebles que valoraron en $30,000 y solicitaron *daños y perjuicios* por una cantidad no menor de $130,000.[13]

El 26 de abril de 2021, la Sra. Bernarda Santos Martínez, en calidad de madre con patria potestad y custodia de los menores Ángel Yasset Rodríguez Santos y Ángel Gabriel Rodríguez Santos, presentó una *Solicitud de Intervención*.[14] Adujo que sus hijos son herederos y, por ello, partes indispensables. También solicitó que se incorporaran las alegaciones de la demanda, y peticionó $100,000 en daños y perjuicios para cada uno. El 27 de abril de 2021, el TPI autorizó la intervención.[15]

El 10 de agosto de 2021, la apelante solicitó la desestimación de la demanda al amparo de la Regla 10.2 de las de Procedimiento Civil.[16] Alegó falta de legitimación por no existir una declaratoria de herederos y falta de parte indispensable. El 9 de septiembre, la parte apelada presentó su oposición.[17] Arguyó que, en el caso están todos los hijos del causante, que la demanda puede ser instada por cualquier persona con interés y que "no se está demandado como sucesión."[18] Mediante una *Resolución* notificada el 10 de septiembre de 2021, el TPI denegó la desestimación y ordenó a la señora De Jesús Santos contestar la Demanda. El TPI expuso que consideraba

---

[13] *Íd.*, a las págs. 49-50.
[14] *Íd.*, a las págs. 51-56. Destacamos que la Sra. Bernarda Santos Martínez también solicitó la intervención en el caso de Declaratoria de Herederos instado por las aquí apeladas, PO2020CV00664.
[15] Véase, expediente electrónico del caso SJ2021CV00811 del SUMAC, Entrada Núm. 10.
[16] Véase, Apéndice del Recurso, a las págs. 57-63.
[17] *Íd.*, a las págs. 70-72.
[18] *Íd.*, a la pág. 71.

como "bien hechas las alegaciones de la demanda a la luz de la R. 10.2 de Procedimiento civil" y acogió los "fundamentos presentados por la parte demandante en su oposición."[19]

El 24 de septiembre de 2021, la apelante instó un recurso de *certiorari* (KLCE202101157) mediante el cual reprodujo lo planteado en el petitorio de desestimación. El 18 de octubre siguiente, esta *Curia* dictó una *Resolución* denegando el auto solicitado.

El 28 de octubre de 2021, la señora De Jesús Santos presentó su contestación a la demanda y reconvención. <u>Negó conocer del fallecimiento el 4 de mayo de 2019 según se alegó</u>.[20] En la reconvención solicitó el pago de la deuda por $29,000, más $99,100 en concepto de venta judicial, y $100,000 en gastos y mejoras realizadas a la propiedad. El 17 de noviembre, la parte apelada contestó la reconvención.[21]

El 26 de enero de 2022, la apelante presentó una moción solicitando varios remedios. Entre ellos, solicitó que se emitiera una orden al Registro Demográfico **para obtener los certificados de nacimiento de tres (3) herederos adicionales, hijos del causante**.[22] Ese mismo día, el foro primario emitió una orden al Departamento de Salud, Registro Demográfico, para realizar una búsqueda en sus archivos e informar y/o certificar dentro de diez (10) días al Lcdo. Pedro J. Cruz Soto los correspondientes hallazgos y/o entregar los Certificados de Nacimientos de: Ángel Luis Rodríguez, Lourdes Rodríguez, y Heriberto Rodríguez.[23]

Luego de varios trámites procesales, en lo aquí pertinente, el 2 de abril de 2024, la parte apelada presentó una *Segunda Moción*

---

[19] Véase, SUMAC, Entrada Núm. 26.

[20] Véase, Apéndice del Recurso, a las págs. 73-83.

[21] *Íd.*, a las págs. 84-86.

[22] Véase, SUMAC, Entrada núm. 48. Junto al referido escrito fue acompañada una moción presentada por la interventora en el caso PO2020CV00664, sobre Declaratoria de Herederos, intitulada *Urgente Solicitud de Orden para Registro Demográfico*. **En esta, se informó sobre la existencia de tres hijos mayores del causante, a saber, Ángel Luis Rodríguez, Lourdes Rodríguez y Heriberto Rodríguez**.

[23] Véase, SUMAC, Entrada Núm. 49.

*Solicitando Anotación de Demanda* alegando que el 4 de marzo de 2020, la señora De Jesús Santos creó una corporación llamada Queendom, LLC y **permutó la propiedad en controversia**.[24] El 5 de abril de 2024, la parte apelada instó una moción en cumplimiento de orden, a la cual anejó la Certificación Registral. En esta se indica:[25]

> Inscrita a favor de Queendom, L.L.C., quien adquirió por Permuta, por el precio de $131,000.00. Así resulta de la **[E]scritura número 11 otorgada en Caguas a 4 de marzo de 2020** ante el notario Rafael Ferreira Cintrón, y Edificación o Terminación de Obra, con un valor de $100,000.00, mediante **[E]scritura 160 otorgada en San Juan el 11 de agosto de 2022** ante el notario José M. Pérez Fernández, según inscripción 31 y 32.

El 8 de abril de 2024, el TPI emitió la orden concediendo la anotación de la demanda.[26]

El 22 de abril siguiente, la parte apelada presentó una *Moción de Sentencia Sumaria* en la cual consignó veinte (20) hechos que, a su entender, no están en controversia.[27] El 7 de junio de 2024, la apelante presentó su oposición a la solicitud de sentencia sumaria e instó solicitud de sentencia sumaria a su favor.[28] En este último petitorio, indicó que la reclamación en daños y perjuicios está prescrita.

El 11 de junio de 2024, comparecieron *Ángel Yasset Rodríguez Santos* y *Ángel Gabriel Rodríguez Santos* mediante representación legal, aduciendo que ya son mayores de edad, por lo que solicitaron al TPI ser acumulados como partes en el pleito.[29] El 12 de junio siguiente, el TPI emitió una *Resolución* aceptando la sustitución de parte.[30]

---

[24] Véase, Apéndice del Recurso, a las págs. 87-91. Véase, SUMAC, Entradas núms. 67 y 81.
[25] Véase, SUMAC, Entrada Núm. 86.
[26] Véase, SUMAC, Entrada Núm. 87.
[27] Véase, Apéndice del Recurso, a las págs. 92-106.
[28] *Íd.*, a las págs. 127-143.
[29] *Íd.*, a las págs. 151-153. Véase, SUMAC, Entrada Núm. 109.
[30] *Íd.*, a la pág. 154. Véase, SUMAC, Entrada Núm. 110. Destacamos que estas partes no han sido incluidas en el epígrafe del pleito.

El 26 de junio, la parte apelada presentó una réplica a la oposición de sentencia sumaria y oposición a la solicitud de la apelante.[31] En la súplica se consignó: "... y el fraude cometido al Honorable Tribunal, se solicita que se declare nula la sentencia y la venta judicial, que se revierta la propiedad a su estado original, se proceda a desestimar la demanda y se declare No Ha Lugar a la solicitud de Sentencia Sumaria presentada por la parte demandada."[32]

El 3 de septiembre de 2024, el TPI dictó la *Sentencia* apelada en la cual consignó veintitrés (23) determinaciones de hechos, y resolvió lo siguiente: "se declara **HA LUGAR** a la *Moción de Sentencia Sumaria* que presentaron las partes demandantes el 22 de abril de 2024, y **NO HA LUGAR** a la *Oposición a Solicitud de Sentencia Sumaria; Solicitud de Sentencia Sumaria de la Demandada*, en consecuencia, se **desestima** la *Reconvención* que presentó Clara De Jesús el 28 de octubre de 2021."[33]

Inconforme, la apelante presentó el recurso de apelación que nos ocupa imputándole al foro primario haber cometido los siguientes errores:

> PRIMERO: COMETIÓ GRAVE ERROR Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA EN FAVOR DE LAS APELADAS, EXISTIENDO UN CONFLICTO CLARO ENTRE LAS VERSIONES DADAS POR LAS PARTES EN SUS DECLRACIONES JURADAS, RESPECTO AL MEMENTO EN QUE LA APELANTE SE ENTERÓ DEL FALLECIMEINTO DE ÁNGEL RODRÍGUEZ HUERTAS.
>
> SEGUNDO: COMETIÓ GRAVE ERROR Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA EN FAVOR DE LAS APELADAS, SIN QUE LAS SUPUESTAS DETERMINACIONES DE HECHOS EN APOYO A LA SENTENCIA FUERAN SUSTENTADAS CONFORME LO REQUERIDO POR LA REGLA 36 DE PROCEDIMIENTO CIVIL.
>
> TERCERO: COMETIÓ GRAVE ERROR Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA EN FAVOR DE LAS

---

[31] *Íd.*, a las págs. 155-176.
[32] *Íd.*, a la pág. 176.
[33] *Íd.*, a la pág. 197. Énfasis en el original.

APELADAS, FALTANDO UNA PARTE INDISPENSABLE EN EL PLEITO.

CUARTO: COMETIÓ GRAVE ERROR Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL RECONOCERLE LEGITIMACIÓN ACTIVA A LAS APELADAS Y A LOS INTERVENTORES SIN QUE ESTAS HAYAN ACEPTADO LA HERENCIA DE MANERA PURA Y SIMPLE.

El 9 de octubre de 2024, dictamos una *Resolución* concediendo a la parte apelada el término de treinta (30) días para expresarse. El 8 de noviembre siguiente, la parte apelada instó su alegato en oposición. Así, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso ante nuestra consideración.

Analizados las comparecencias de las partes, el expediente apelativo y los autos originales; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

### *El relevo de sentencia*

En nuestro ordenamiento, los tribunales tienen la facultad de dejar sin efecto en cualquier momento una sentencia nula u obtenida mediante fraude. *Figueroa v. Banco de San Juan,* 108 DPR 680, 688-689 (1979). Para plantear la nulidad de una sentencia u orden, o aquella obtenida mediante fraude luego de transcurrido el término fatal de los seis (6) meses provistos en la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, nuestro más alto foro ha permitido presentar una acción independiente. *Banco Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237 (1996). No obstante, el reconocimiento de esta acción no es llave maestra para dejar sin efecto sentencias u órdenes válidamente dictadas. Está predicado en la justicia fundamental de la reclamación. *Alicea Álvarez v. Valle Bello*, 111 DPR 847, 853 (1982).

Ahora bien, en una acción en la que se alega fraude al tribunal, la parte viene obligada a exponer detalladamente las circunstancias específicas que constituyen el fraude por el que

solicita el relevo de sentencia. El solo hecho de alegar que hubo fraude o la posibilidad del mismo no constituyen las circunstancias que, al tenor de la Regla 49.2, *supra*, permiten el relevo de una sentencia u orden. *Correa v. Marcano*, 139 DPR 856, 862 (1996); *Figueroa v. Banco de San Juan, supra*. El fraude nunca se presume, por lo que debe ser probado por la parte promovente con preponderancia de la evidencia de forma tal que satisfaga la conciencia del juzgador. *González v. Quintana*, 145 DPR 463, 471 (1998). Existe fraude al tribunal cuando una sentencia, orden o procedimiento se ha producido debido al engaño, fraude o falsa representación de una de las partes. Por ejemplo, constituye fraude, el ocultar al tribunal que la otra parte está incapacitada legalmente, o presentar testimonio perjuro determinante del resultado del proceso y estos hechos no eran susceptibles de ser descubiertos antes del juicio ejercitando una diligencia razonable. Procede que se deje sin efecto la sentencia, si se cumple con los criterios antes mencionados para mover la discreción del tribunal. Hernández Colón, Rafael, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, a la pág. 456.

### *Partes Indispensables*

La Regla 16 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 16, gobierna todo lo relacionado a la acumulación de partes indispensables en un pleito. Una parte indispensable es aquella persona *cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados* por una sentencia dictada, estando esa persona ausente del litigio.[34] A estos efectos, la Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 16.1, establece que toda persona que tuviere un interés común, sin cuya presencia no pueda adjudicarse la controversia, se hará formar parte del pleito

---

[34] *García Colón et al. v. Sucn. González*, 178 DPR 527, 548 (2010); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).

acumulándose como parte demandante o demandada, según corresponda.[35] El propósito de la referida regla, *es evitar que la persona ausente sea privada de su propiedad sin el debido proceso de ley* y asegurar que el remedio emitido por los tribunales sea uno completo.[36] Por tanto, al adjudicar un planteamiento sobre falta de parte indispensable, se debe considerar si se puede hacer justicia y conceder un remedio final y completo sin que se afecten los intereses del ausente.[37]

Con este mecanismo se intenta proteger los intereses de quien no se ha traído al litigio y que, de dejarse fuera, no tendría oportunidad alguna de defenderlos.[38] De esta forma, los tribunales tienen que hacer un análisis juicioso que incluya la determinación de los derechos del ausente y las consecuencias de no unirlo como parte en el procedimiento.[39] Dicha protección encuentra su razón de ser en que, no traer a una parte indispensable a un pleito, sin duda alguna, se traduce en una violación al debido proceso de ley que le cobija.[40] "Es precisamente la mencionada violación al debido proceso de ley la que, en consecuencia, hace que la ausencia de parte indispensable se considere un fundamento para relevar el efecto de una sentencia".[41]

De tal importancia es el interés en proteger a las partes indispensables que su ausencia en el pleito constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. Incluso, los foros apelativos pueden advertir *sua sponte* la falta de parte indispensable, pues ello incide sobre la jurisdicción del tribunal. *Romero v. S.L.G. Reyes*, supra, pág. 733. Por lo general,

---

[35] Véase, además, *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643, 664 (2006).
[36] *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005).
[37] *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 510 (2015); *Romero v. S.L.G. Reyes*, supra.
[38] *Colón Negrón et al. v. Mun. Bayamón, supra*, a las págs. 510-511.
[39] *Íd.*, a la pág. 512.
[40] *Íd.*
[41] *Íd.*

procede la desestimación de la causa de acción cuando el tribunal se topa con esta situación. Sin embargo, ello "no constituye impedimento para que, a solicitud de la parte interesada, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma." *Meléndez Gutiérrez v. ELA*, 113 DPR 811, 816 (1983); véanse, además, *García Colon v. Sucn. González* supra, pág. 548; *Sánchez v. Sánchez*, 154 DPR 645, 679 (2001).

**III.**

En el tercer error, la apelante señaló que el foro apelado abusó de su discreción al emitir la sentencia por la vía sumaria en favor de la parte apelada, faltando partes indispensables en el pleito.

Del trámite procesal antes consignado, surge que entre las partes de epígrafe existen múltiples reclamaciones. Además, del análisis del expediente electrónico surge con meridiana claridad la falta de partes indispensables, veamos.

Primeramente, es por todas las partes conocido que el causante tiene otros tres (3) hijos cuyos nombres son: Ángel Luis Rodríguez, Lourdes Rodríguez, y Heriberto Rodríguez. Incluso, el 26 de enero de 2022, el TPI emitió una orden al Departamento de Salud, Registro Demográfico, para que realizara una búsqueda en sus archivos e informara y/o certificara al Lcdo. Pedro J. Cruz Soto los correspondientes hallazgos y/o entregar los Certificados de Nacimientos de estos. En fin, si bien el presente caso no es un pleito hereditario, los derechos o intereses de los herederos del señor Rodríguez Huertas podrían quedar inevitablemente afectados por la sentencia que en su día emita el foro *a quo*. Nótese que la causa de acción, cuya nulidad se solicita, es un cobro de dinero y ejecución de hipoteca.

Asimismo, en el pleito SJ2017CV02160 se encuentran consignados en la Unidad de Cuentas $99,100 a favor del señor Rodríguez Huertas, hoy su sucesión.

Por otro lado, también es de conocimiento por todas las partes y por el foro revisado, que la propiedad ejecutada y subastada a favor de la apelante fue permutada a Queendom, LLC, según surge de la Certificación Registral que obra en el expediente electrónico del presente caso. Sin duda, los derechos e intereses de dicha corporación de responsabilidad limitada (*Limited Liability Company* por sus siglas LLC) se verán inevitablemente afectados por la sentencia que en su día emita en el caso de autos.

Por ende, precisa enfatizar que no es factible conceder un remedio final y completo sin que se afecten los intereses de los mencionados ausentes, según explicamos.

Enfatizamos que, a tenor con nuestro ordenamiento jurídico, una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la controversia jurídica ante la consideración del tribunal es de tal magnitud, que no puede emitirse un dictamen final entre las otras partes sin afectar sus derechos.[42] Por tanto, son partes indispensables, Queendom, LLC y los herederos conocidos: Ángel Luis Rodríguez, Lourdes Rodríguez, y Heriberto Rodríguez.[43] Por su parte, y conforme surge del derecho antes consignado, este foro apelativo puede advertir *sua sponte* la falta de parte indispensable, pues ello incide sobre la jurisdicción del tribunal.

En virtud de lo anterior, concluimos que el tercer error fue cometido por el tribunal *a quo,* por lo que el dictamen dictado sumariamente es contrario a derecho. En consecuencia, debido a

---

[42] *García Colón et al. v. Sucn. González*, supra, y Cirino *González v. Adm. Corrección et al.,* 190 DPR 14, 46 (2014).

[43] Tomamos conocimiento judicial de los casos PO2020CV00664 y el PO2024CV00963. Destacamos que en ambos casos no fueron partes los herederos conocidos: Ángel Luis Rodríguez, Lourdes Rodríguez, y Heriberto Rodríguez. El Artículo 269 del Código Penal de 2014, 33 LPRA sec. 5362, tipifica el delito de Perjurio.

que se cometió el tercer error, resulta innecesario discutir los restantes señalamientos.

**IV.**

Por los fundamentos anteriormente expuestos, se revoca la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones